**Richard Milo HILL and George Andrew Boye, Petitioners-Appellants,**

v.

**John C. BURKE, Warden, Wisconsin State Prison, Respondent-Appellee.**

**Nos. 17265, 17350.**

United States Court of Appeals,
Seventh Circuit.

March 17, 1970.

Curtis M. Kirkhuff, Madison, Wis., for petitioners-appellants.

**1196**

Robert W. Warren, Atty. Gen., Mary v. Bowman, William A. Platz, Asst. Attys. Gen., Madison, Wis., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

DUFFY, Senior Circuit Judge.

Petitioners Hill and Boye are each presently incarcerated at the Wisconsin State Prison. Each seeks a writ of habeas corpus claiming he is being detained in violation of his rights under the United States Constitution. Each petitioner argues that Wis.Stats. § 959.-15 (1967) deprives him of equal protection of the laws under the Fourteenth Amendment.

Petitioner Hill was convicted of the crime of rape upon a plea of guilty in a Wisconsin State Court. The Court ordered Hill be referred to the State Department of Public Welfare (now Department of Health and Social Services) hereinafter referred to as the "Department" for a presentence social, physical and mental examination pursuant to Wis.Stats. § 959.15(1) (1959). After examination, the Department recommended that Hill receive specialized treatment for his mental aberrations. The State Court committed Hill to the Department pursuant to Wis.Stats. § 959.15(6) (1959).

Petitioner Boye, after a jury trial, was convicted in a Wisconsin State Court of the crime of attempted rape. He was referred to the Department for a presentence social, physical and mental examination pursuant to Wis.Stats. § 959.15(1) (1959). After examination, the Department recommended that Boye receive specialized treatment for his physical and mental aberrations, and he was similarly committed.

Petitioners maintain that Wis.Stats. § 959.15 (1967) (often referred to either as the Wisconsin Sex Deviate Act or the Wisconsin Sex Crimes Act) is unconstitutional because the Act deprives them of equal protection of the laws, and they argue that 1) it deprives them of rights enjoyed by persons alleged to be mentally ill and who were committed under Wis.Stats. § 51.001 et seq. (1967) (often referred to as the Mental Health Act), including those who have been committed after an acquittal of a crime by reason of insanity; and 2) they claim that the statute and sentences thereunder differentiate *unreasonably* between those whom the Department reexamines within one year of the prior examination and those whom the Department fails to reexamine within a one year period.

Boye also makes the claim that the failure of prison authorities to credit him with "industrial good time" denies him the equal protection of the laws.

The two cases were consolidated in the District Court on the question of whether Wis.Stats. § 959.15 (1967) deprives the petitioners of the equal protection of the laws.

Wis.Stats. § 959.15 (1967) provides a special procedure where a defendant has been convicted of a sex crime. The convicted defendant is committed to the Department for a period whose maximum is the maximum sentence for the crime of which he was convicted. The Department may release the defendant at an earlier period if it should find that such control is no longer " * * * necessary for the protection of the public." The Department must make periodic examinations of all persons within its control. If the Department fails to make a periodic review within one year of the last review, then and only then is the defendant entitled to petition the committing court for an order of discharge.

The District Court denied the petitions for habeas corpus. We affirm.

The rule is well established that "Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." Baxstrom v. Herold, State Hospital Director, 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966).

Chapter 51 (Mental Health Act) provides for judicial review of the patient's condition on his request (Wis.Stats. § 51.11).

The Sex Crimes Act provides for judicial review at the termination of the maximum term to which the offender could have been sentenced for his crimes (Wis.Stats. § 959.15(12)), or if the Department fails to reexamine the offender within one year of the prior examination (Wis.Stats. § 959.15(9)).

■ The nub of plaintiff's argument is that all persons who are committed because of their mental condition under either Chapter 51 or Chapter 959, are members of a class and must be granted annual judicial review of their progress in responding to treatment.

The District Court held that the difference in procedure between the statutes is reasonable, pointing out that commitment under § 959.15 is initiated by the commission of a sex crime, while a commitment under Chapter 51 is not necessarily related to the commission of a crime. We agree.

We also are in agreement with a statement of the District Court—"A primary aim of commitment of sex offenders to the Department, however, is the protection of the public, as noted above. The legislature could reasonably conclude that the crime for which an offender is convicted has some bearing on the maximum duration of his confinement for the purpose of protection of the public. * * *" Hill v. Burke, 289 F.Supp. 921, 928 (W.D.Wis., 1968).

The Wisconsin Supreme Court has decided that the commitment procedure under the Sex Crimes Act is so different from ordinary sentencing as to amount to an independent proceeding. Huebner v. State, 33 Wis.2d 505, 147 N.W.2d 646 (1967).

It is understandable that the petitioners would attempt to play down the crime aspects of a commitment under the Sex Crimes Act and emphasize civil commitment, but the evident intention of the legislature shows that the crime

committed remains the crucial distinction between the two statutes.

We agree with the District Court's statement (Hill v. Burke, *supra*, 289 F. Supp. at page 927)—"The commitment proceedings under the statute constitute neither a civil commitment nor a sentencing procedure, but rather an independent criminal proceeding which is triggered by a criminal conviction. * * *" The same interpretation of a similar Pennsylvania statute was made in United States ex rel. Gerchman v. Maroney, 355 F.2d 302, 309 (3 Cir., 1966).

■ Also we agree with the further statement: "An examination of the statutory scheme discloses that the legislature did not intend that the criminal conviction was to become entirely irrelevant. The purposes of the statute are to protect society from dangerous sex crimes and to provide treatment for the dangerous sex offender. To accomplish those objectives, a completely indeterminate sentence is necessary. * * *" Hill v. Burke, *supra*, 289 F.Supp. at page 927.

The Wisconsin Statutes which are severely criticized by the petitioners are, in our view, a reasonable method of dealing with the sex offender. The Wisconsin Supreme Court has upheld the over-all constitutionality of the Sex Crimes Act. State ex rel. Volden v. Haas, 264 Wis. 127, 58 N.W.2d 577 (1953).

Although *Huebner* held that a separate judicial hearing is now required on the issue of the patient's need for specialized treatment, the basic holding in *Volden* still is the law.

It seems clear that the Wisconsin Supreme Court limited the issue in *Huebner* to the question of a hearing on the need for treatment. Furthermore, the *Heubner* case (1967) is not retroactive to the 1959 commitments of petitioners.

■ Petitioner Boye makes some point that the failure of the prison authorities to credit him with "industrial good time" denies him the equal protec-

tion of the laws. We think the District Court was correct in rejecting this contention. See 289 F.Supp. at pages 928–929.

We think the District Court also was correct in not anticipating a nonessential constitutional question. See 289 F.Supp. at page 928.

As we agree that the District Court properly denied the petitions for writs of habeas corpus, the judgment of the District Court is

Affirmed.