TOM LOFTUS, Chairman Committee on Assembly Organization
The Committee on Assembly Organization has asked whether it is constitutional to have a residency requirement for classified civil service positions when no similar requirement exists for positions in the unclassified service. It is my opinion that this is a violation of the equal protection clause of thefourteenth amendment. I must point out that this opinion is limited to application of the equal protection clause and does not address the constitutionality of the residency requirement under other provisions of the Constitution, such as, the privileges and immunities clause. See Supreme Court of New Hampshire v. Piper, ___ U.S. ___ 105 S. Ct. 1272 (1985).
You point out that section 230.16 (2), Stats., requires that all applicants for positions in the classified service be residents of Wisconsin at the time of application. The application and examination process may be opened to non-residents if there is a critical need for employes in specific classifications or positions. Sec. 230.16 (2), Stats. The application process for unclassified positions, on the other hand, is not limited to residents of Wisconsin.
Since the statutes distinguish between applicants for classified positions and applicants for unclassified positions, this classification would be measured against the "rational basis" standard which "has consistently been applied to state legislation restricting the availability of employment opportunities." Dandridge v. Williams, 397 U.S. 471, 485 (1970);Kotch v. Board of River Port Pilot Com'rs, 330 U.S. 552, 563-64
(1947); United States v. Carolene Products Co., 304 U.S. 144, 152
(1938); 70 Op. Atty. Gen. 156, 159 (1981). The strict scrutiny standard of equal protection would be inapplicable here because the classification does not interfere with the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class. See Massachusetts Bd. of Retirement v. Murgia,427 U.S. 307, 312 (1976); San Antonio Independent School District v.Rodriguez, 411 U.S. 1, 16 (1973). *Page 46 
Under the rational basis standard, a statute is constitutional if it "rationally furthers some legitimate state purpose."Rodriguez, 411 U.S. at 17; McDonald v. Bd. of Election Com'rs ofChicago, 394 U.S. 802, 809 (1969). Equal protection requires that a classification which results in unequal treatment bear some rational relationship to a legitimate state purpose. Durso v.Rowe, 579 F.2d 1365, 1372 (7th Cir. 1978); Dannhausen v. FirstNat. Bank of Sturqeon Bay, 538 F. Supp. 551, 562 (E.D. Wis. 1982). Equal protection does not require that all persons be treated identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made. Rinaldi v. Yeager, 384 U.S. 305, 308-09 (1966); Hill v.Burke, 422 F.2d 1195, 1196 (7th Cir. 1970). The basic test is not whether some inequality results from the classification, but whether there exists a rational basis to justify the inequality of the classification. Milwaukee Brewers v. DH SS,130 Wis.2d 79, 98, 387 N.W.2d 254 (1986); Voit v. Madison Newspapers, Inc.,116 Wis.2d 217, 226, 341 N.W.2d 693 (1984).
The residency requirement applicable to classified positions rationally furthers the state's legitimate interest in securing governmental employment for its citizens. It has been recognized that a state has a substantial interest in providing services to its residents on a preferential basis. Martinez v. Bynum,461 U.S. 321, 327-28 (1983); Vlandis v. Kline, 412 U.S. 441, 452-53
(1973). By preserving most, if not all, of its classified civil service positions for residents of Wisconsin, the state helps reduce unemployment among its citizens. Reducing unemployment, of course, has a variety of positive ripple effects which contribute to the fiscal health of the state.
While the residency requirement furthers a legitimate state purpose, the distinction between classified and unclassified positions does not bear a rational relationship to this purpose. The distinction appears arbitrary. It is not clear why the Legislature chose to exempt all unclassified positions from the residency requirement. The positions which comprise the unclassified service are set forth in section 230.08 and include the following: all elected state officers; officers appointed by the Governor; the director, associate director, assistant directors and librarian of the state historical society; the state archivist and state historian; all faculty and academic staff in the University of Wisconsin system; all division administrators; legislative officers; the judges, clerks and assistants of the court of appeals and supreme court; boys and girls employed in youth *Page 47 
camps; the state auditor and personnel of the legislative audit bureau; the director and personnel of the legislative fiscal bureau; the deputy or assistant of each elective constitutional officer; certain deputies and executive assistants; court reporters; the executive directors of the ethics board, judicial commission and investment board; the chairperson of the parole board; the state public defender and attorneys in the state public defender's office; appointments of the lieutenant governor; the director of prison industries; the executive director and staff of the board on aging; bureau directors in the department of regulation and licensing; the program director for crime victims compensation; the executive secretary of the elections board; the deputy director of the council on criminal justice; the executive secretary of the waste facility siting board; the executive director of the sentencing commission; and the director and staff of the federal-state relations office.
To comport with equal protection, there must be a rational basis to justify the inequality between classified and unclassified positions. Milwaukee Brewers, 130 Wis.2d at 98. I am unable to find a rational basis to justify the inequality. For many of the unclassified positions, such as faculty in the University of Wisconsin System or the state historian, the Legislature may have decided that recruitment should be national in scope due to the specialized knowledge, skills and training required for these positions. Recruitment for such positions, if limited to residents of Wisconsin, might produce very few qualified candidates. However, the same can be said about many classified positions such as engineers, biologists and environmental scientists. Furthermore, some of the unclassified positions, such as youth camp counselors or employes of the court of appeals and supreme court or court reporters, do not have such specialized knowledge, skills and training to require a national recruitment. Perhaps the best example of the arbitrariness of the distinction between classified and unclassified positions is that assistant attorneys general, who are classified employes, must be residents while assistant state public defenders, who are unclassified employes, need not be residents.
The statutory residency requirement for all classified positions and the statutory exemption for all unclassified positions sweep too broadly. In deciding which positions should be covered by the residency requirement, the Legislature must paint with a finer brush by examining the knowledge, skills and training pertinent to each *Page 48 
position and then deciding whether a national recruitment would be necessary to produce qualified candidates. The residency requirement should apply to only those positions, classified or unclassified, for which a national recruitment would not be necessary.
DJH:NS *Page 49