**Alberta LESSARD et al., Plaintiffs,**

v.

**Wilbur SCHMIDT et al., Defendants.**

**Civ. A. No. 71-C-602.**

United States District Court,
E. D. Wisconsin.

Aug. 15, 1974.

Robert H. Blondis and Thomas E. Dixon, Jr., Milwaukee Legal Services, Milwaukee, Wis., for plaintiffs.

Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants Wilbur Schmidt and Leonard Ganser.

George E. Rice, Deputy Corp. Counsel, Milwaukee, Wis., for defendants Dr. George Currier, Bert W. Pyle, Jr., Dr. Kevin Kennedy, and Judge Christ T. Seraphim.

Before SPRECHER, Circuit Judge, and REYNOLDS and GORDON, District Judges.

## ORDER OF JUDGMENT

The opinion in this case was released October 18, 1972, and appears at 349 F. Supp. 1078. Nine months later, this court ordered "that judgment be and hereby is entered in accordance with the Opinion heretofore entered." Defendants appealed to the Supreme Court. On January 14, 1974, the Supreme Court remanded the case, because the judgment did not meet the specificity requirements for injunctive orders of Fed.R.Civ.P. 65(d).

Pursuant to remand, this court set a briefing schedule and heard arguments on plaintiffs' proposed judgment order on May 9. The following order is hereby entered to provide the declaratory and injunctive relief to which the court in its original opinion held plaintiffs were entitled:

It is ordered that final judgment in favor of plaintiff Alberta Lessard, and the class she represents, and against defendants Wilbur J. Schmidt, as Secretary of the Wisconsin Department of Health and Social Services; Leonard Ganser, as Director of the Wisconsin State Division of Mental Hygiene; Dr. George Currier, as Director of the Milwaukee County Mental Health Center; Bert W. Pyle, Jr., as Administrator of the Milwaukee County Mental Health Center; Dr. Kevin Kennedy, as a psychiatrist employed by the Milwaukee County Mental Health Center; Judge Christ T. Seraphim, as Judge for Milwaukee County, Wisconsin, and their officers, agents, employees, servants and their successors and those persons acting in active concert or participation with them, is hereby granted and ordered entered as the judgment in this action as follows:

## CLASS ACTION

■ This action is properly maintained as a class action under Fed.R. Civ.P. 23(b)(2). The class represented by plaintiff Alberta Lessard includes all persons 18 years of age or older who are being held or will be held involuntarily pursuant to any emergency, temporary or permanent commitment provision of the Wisconsin involuntary commitment statute.

## DECLARATORY JUDGMENT

■ 1. The Wisconsin civil commitment procedures contained in the State Mental Health Act, Chapter 51, Wisconsin Statutes (1971), are declared to be unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in the following respects:

### Written and Oral Notice of Rights

A. Section 51.02(1), Wisconsin Statutes (1971), is declared invalid in that it fails to require that all persons undergoing mental commitment procedures under Section 51.01, Wisconsin Statutes (1971), be provided with a written and oral notice informing them of (1) the factual basis for their detention; (2) their right to a jury trial; (3) the standards upon which they may be detained; (4) the names of the examining physicians and all other persons who may testify in favor of their continued detention; and (5) a summary of the

proposed testimony of those who may testify in favor of their commitment;

### Omission of Written Notice

B. Section 51.02, Wisconsin Statutes (1971), is further declared invalid in that it authorizes the omission of the service of the required notice;

### Probable Cause Hearing

C. Sections 51.04(1), (2) and (3), Wisconsin Statutes (1971), are declared invalid in that they permit detention of persons for periods in excess of 48 hours without a judicial hearing to determine whether or not probable cause exists to believe such persons are both mentally ill and dangerous to themselves or others, and in that they fail to require (1) that counsel be appointed sufficiently in advance of said hearing adequately to prepare a defense; (2) that the persons detained and members of their families be given notice of the probable cause hearing where with reasonable diligence the families can be located prior to the hearing; and (3) that the persons subject to the proceedings have the unwaivable right to be present and an opportunity to be heard at said probable cause hearing.

### Privilege Against Self-Incrimination

D. Chapter 51, Wisconsin Statutes (1971), is declared invalid in that it fails to provide that persons involuntarily detained pursuant to its provision be informed of their due process right against self-incrimination.

### Detention Pending Commitment Hearing

E. Sections 51.04(1), (2), (3) and 51.03, Wisconsin Statutes (1971), are declared invalid in that they permit the detention of those awaiting involuntary commitment proceedings for periods in excess of fourteen (14) days without a full hearing on the necessity for commitment.

### Commitment Hearing

F. Sections 51.02(2) and 51.-02(4), Wisconsin Statutes (1971), are declared invalid in that they authorize a hearing procedure for the commitment of the allegedly mentally ill which (1) fails to guarantee to persons subject to the proceedings the right to be represented by adversary counsel and to be appointed said counsel if indigent; (2) fails to require the application of the rules of evidence including the hearsay rule; (3) permits the introduction of psychiatric and other expert evidence without the persons having been given the benefit of the privilege against self-incrimination; and (4) permits involuntary civil commitment without proof beyond a reasonable doubt that the persons are both mentally ill and dangerous.

### Standards for Commitment

G. Sections 51.02(5) and 51.05, Wisconsin Statutes (1971), are hereby declared valid insofar as they require that prior to a judicial order for commitment there must be a finding beyond reasonable doubt that (a) the subjects of the hearing are mentally ill; (b) the subjects of the hearing are dangerous to themselves or others based at minimum upon a recent act, attempt or threat to do substantial harm; (c) all available less drastic alternatives to commitment to a mental hospital or institution have been investigated; and (d) all available less drastic alternatives to commitment to a mental hospital or institution are unsuitable.

2. It is hereby declared that the order adjudging the named plaintiff, Alberta Lessard, mentally ill and in need of commitment is unconstitutional and invalid.

3. It is hereby declared that the unnamed plaintiffs, all persons 18 years of age or older who are being held or will be held involuntarily pursuant to any emergency, temporary or permanent commitment procedure which does not

comply with the declarations of paragraphs one and four of this Order are unconstitutionally held.

■ 4. It is hereby declared that all persons who are or will become the subjects of a commitment proceeding pursuant to Chapter 51, Wisconsin Statutes (1971), are entitled to:

#### Written and Oral Notice of Rights

A. Written and oral notice of (1) the right not to converse with the examining physicians; (2) the fact that anything said to the examining physicians may be used as evidence against them at the commitment hearing; (3) the right to consult with counsel, retained or appointed, before requests are made that they sign a voluntary commitment form; (4) the right to access to counsel sufficiently in advance of any hearing adequately to prepare a defense, and to appointment of counsel, if indigent; (5) the right to refuse medication which renders persons unable to adequately prepare to defend themselves; (6) the exact time and place of the probable cause hearing, and the factual basis for detention. The notice specified in (6) shall be provided to the persons and, if they can be located, to immediate families.

#### Probable Cause Hearing

■ B. A judicial hearing within forty-eight (48) hours (Saturdays, Sundays and holidays excluded) of detention to determine whether or not probable cause exists to believe persons are both mentally ill and dangerous to themselves or others at which hearing the persons shall have (1) the unwaivable right to be present and to be heard and (2) to be represented by adversary counsel, appointed sufficiently in advance of said hearing adequately to prepare a defense.

#### Written Notice of the Final Hearing

■ C. Notice of (1) the date, time and place of the scheduled final hearing; (2) the factual basis for detention; (3) the right to jury trial and the necessity of finding of both mental illness and dangerousness before commitment may be ordered; and (4) the names of examining physicians and all other persons who may testify in favor of continued detention and a summary of their proposed testimony, all to be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and in no case to be given less than 96 hours prior to the final hearing.

#### Commitment Hearing

■ D. A full hearing within fourteen (14) days of the original detention wherein: (1) Persons alleged to be mentally ill are present and are represented by adversary counsel; (2) The rules of evidence, including hearsay rules, are properly applied; (3) The findings and standard of proof necessary for an order of commitment are "mental illness and imminent dangerousness to self or others beyond a reasonable doubt" based at minimum upon a recent act, attempt or threat to do substantial harm; and (4) A showing to the court by evidence "beyond a reasonable doubt" that all less drastic alternatives to commitment to a state or county mental health hospital or institution have been investigated and are unsuitable or unavailable before said commitment can be ordered. Less drastic alternatives shall include but shall not be limited to out-patient treatment, day or night treatment in a hospital, placement in the custody of a friend or relative, placement in a nursing home or other community based facility, referral to a community mental health clinic and home health aide services.

### INJUNCTIVE RELIEF

It is further ordered that defendant Seraphim and his officers, agents, servants, employees, successors and those persons in active concert or participation with him who receive actual notice of this Order are hereby enjoined to ensure that prior to the issuance of an order of commitment under Chapter 51, Wisconsin Statutes (1971), in all future

commitment proceedings the persons subject to the proceedings are provided:

### Written and Oral Notice of Rights

5. Written and oral notice of (A) the right not to converse with the examining physicians; (B) the fact that anything said to the examining physicians may be used as evidence against them at the commitment hearing; (C) the right to consult with counsel, retained or appointed, before requests are made that they sign a voluntary commitment form; (D) the right to access to counsel sufficiently in advance of any hearing adequately to prepare a defense, and to appointment of counsel, if indigent; (E) the right to refuse medication which renders persons unable adequately to prepare to defend themselves; (F) the exact time and place of the probable cause hearing, and the factual basis for detention. The notice specified in (F) shall be provided to the persons and, if they can be located, to their immediate families.

### Probable Cause Hearing

6. A probable cause hearing within forty-eight (48) hours (Saturdays, Sundays and holidays excluded) of their apprehension to determine whether probable cause exists that they are both mentally ill and dangerous to themselves or others at which hearing the persons shall have: (A) the unwaivable right to be present and to be heard and (B) to be represented by adversary counsel, appointed sufficiently in advance of said hearing adequately to prepare a defense.

### Written Notice of the Final Hearing

7. Notice of (A) the date, time and place of the scheduled final hearing; (B) the factual basis for detention; (C) the right to jury trial and the necessity of finding of both mental illness and dangerousness before commitment may be ordered; and (D) the names of examining physicians and all other persons who may testify in favor of continued detention, and a summary of their proposed testimony, all to be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and in no case to be given less than 96 hours prior to the final hearing.

### Commitment Hearing

8. A full hearing within fourteen (14) days of the original detention wherein: (A) Persons alleged to be mentally ill are present and are represented by adversary counsel; (B) The rules of evidence, including hearsay rules, are properly applied; (C) The findings and standard of proof necessary for an order of commitment are "mental illness and imminent dangerousness to self or others beyond a reasonable doubt" based at minimum upon a recent act, attempt or threat to do substantial harm; and (D) Those attempting to commit any persons must show the court by evidence beyond a reasonable doubt that all less drastic alternatives to commitment to a state or county mental health hospital or institution have been investigated and are unsuitable or unavailable before said commitment can be ordered. Less drastic alternatives shall include but shall not be limited to out-patient treatment, day or night treatment in a hospital, placement in the custody of a friend or relative, placement in a nursing home or other community based facility, referral to a community mental health clinic and home health aide services.

It is further ordered that defendants Currier, Schmidt and Ganser and their officers, agents, employees, servants and their successors and those persons in active concert or participation with them, who receive actual notice of this Order are hereby enjoined to provide:

9. Reasonable access by attorneys for plaintiffs to the grounds and facilities of all mental hospitals and institutions, to their individual clients and to the institutional and hospital records pertaining to the clients' involuntary commitments; and

It is further ordered that defendant Seraphim and his officers, agents, servants, employees, successors and those

persons in active concert or participation with him who receive actual notice of this Order are hereby enjoined to provide:

10. Reasonable access by the plaintiffs and their attorneys to court records pertaining to their past or present involuntary commitments; and

It is further ordered that defendants Schmidt, Ganser, Currier and Seraphim and their officers, agents, servants, employees, successors and those persons acting in active concert or participation with them who receive actual notice of this Order are hereby enjoined to provide:

11. Notation upon all medical and court records of any person involuntarily committed pursuant to Chapter 51 prior to October 18, 1972, that such person was either discharged or released pursuant to the *Lessard* opinion or was recommitted according to procedures required by the *Lessard* opinion; such notation to be entered upon written demand of the person or his attorney.