**Michael KIDD et al., Plaintiffs,**

**v.**

**Wilbur J. SCHMIDT et al., Defendants.**

**No. 74-C-605.**

United States District Court, E. D. Wisconsin.

Aug. 15, 1975.

Milwaukee Legal Services by Robert H. Blondis, Patricia Nelson, Thomas E. Dixon, Jr. and Kenneth M. Streit, Milwaukee, Wis., for plaintiffs.

Bronson C. LaFollette, Wis. Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for Schmidt & Ganser.

Robert P. Russell, Corp. Counsel by George E. Rice, Deputy Corp. Counsel, Milwaukee, Wis., for all other defendants.

DUFFY, Senior Circuit Judge, REYNOLDS and GORDON, District Judges.

MYRON L. GORDON, District Judge.

In this action the plaintiff seeks declaratory and injunctive relief because of his having been committed without a hearing pursuant to Wis.Stat. § 51.10 (1973) to the Milwaukee County Child-Adolescent Treatment Center [CATC]. On July 22, 1975, a three-judge panel held a hearing to consider action on four pending motions. At the conclusion of the hearing, the court orally denied the motion of the defendants Schmidt and Ganser to dismiss and granted the plaintiff's motion to strike the county defendants' jury demand.

I. MOOTNESS AND ABSTENTION

During the July 22, 1975, hearing, counsel discussed whether this court should abstain from acting in light of *Huffman v. Pursue Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and whether this action is now moot. In our judgment, *Huffman* is inapposite to the instant case, and this case is not moot.

In *Huffman* the Supreme Court extended the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to civil cases in certain situations. However we do not believe that *Huffman* is applicable to this lawsuit.

The defendants have urged that there is a pending state proceeding inasmuch as the children's court has continuing jurisdiction over the plaintiff pursuant to Wis.Stat. § 48.35(2). However, such proceedings are concerned with questions of dependency and neglect and not with commitments to mental institutions. Commitment procedures, even those for minors such as the plaintiff, are governed by Chapter 51, Wis.Stat. To date there have been no judicial proceedings regarding the plaintiff's commitment, and, indeed, that is the gravamen of his complaint. We conclude that abstention would be inappropriate because there is, in fact, no pending state proceeding for purposes of *Huffman v. Pursue.*

A mootness question has arisen because the plaintiff's detention at the CATC was terminated on March 11, 1975. Although the plaintiff has been released from custody, he suffers from such residual effects of his detention as compulsory attendance at certain programs under the direction of the defendants. Thus,

> "the challenged governmental activity in the present case is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974).

Moreover, due to the uncertain duration of any detention imposed pursuant to Wis.Stat. § 51.10, we believe that this case, like *Super Tire*, also falls into the class of cases "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Compare *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Accordingly, we do not deem this case to be moot.

## II. CLASS ACTION MOTION

The plaintiff has moved for a class action determination regarding both a plaintiff and a defendant class. Each of these classes arises under Rules 23(a) and 23(b)(2), Federal Rules of Civil Procedure. It appears from the briefs filed by counsel that the only seriously contested issue is whether the plaintiff is an adequate representative of the proposed class of plaintiffs.

We are satisfied that the plaintiff has met all of the other requirements of Rules 23(a) and 23(b)(2) and will fairly and adequately represent the proposed class, even though he has been released from custody. *Cf. Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L. Ed.2d 54 (1975). The plaintiff remains a member of the class he seeks to represent since he is subject to readmission under the challenged statute. Furthermore, it is unlikely that class members would have interests conflicting with those of the plaintiff, and he has competently advanced the interests of the class thus far. The test for adequate representation of the class under Rule 23(a) has been met; see *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

The plaintiff also seeks to sue a class of defendants to be represented by Mr. Crowley, Mr. Currier and Mr. Pyle. The class would include

> "all officials within the state of Wisconsin who are authorized by § 51.10 WIS.STATS. [(1973)] to admit members of the class of plaintiffs to state and county institutions." Complaint ¶ 19.

In our view, the class is so numerous that joinder would be impracticable; there are questions of law common to the class; the defenses of the representative parties

are typical of the defenses of the class; the representative parties will fairly and adequately protect the interests of the class; and the plaintiff class in challenging the constitutionality of Wis.Stat. § 51.10, acts on grounds generally applicable to the defendant class. Rule 23(a), (b)(2), Federal Rules of Civil Procedure.

### III. PRELIMINARY INJUNCTION MOTION

■ Although the plaintiff has not specified the precise scope of the preliminary relief he seeks, we are persuaded that a grant of some injunctive relief is appropriate. The plaintiff, on behalf of the class he represents, has amply demonstrated the four prerequisites to interim injunctive relief: (1) that he is likely to succeed on the merits; (2) that he will suffer irreparable harm unless relief is granted; (3) that the public interest will be served should an injunction be granted; and (4) that no substantial harm will befall other parties. *Allison v. Froehlke*, 470 F.2d 1123 (5th Cir. 1972); *Hanley v. Volpe*, 305 F.Supp. 977, 982 (E.D.Wis.1969).

■ The plaintiff urges that the procedure set forth in Wis.Stat. § 51.10 violates both the due process and equal protection clauses of the fourteenth amendment. We deem it unnecessary to evaluate the likelihood that the plaintiff will succeed on the merits of the equal protection claim because it is apparent that broader relief is justified on due process grounds. Compare *Lessard v. Schmidt*, 349 F.Supp. 1078 (E.D.Wis. 1972) (three-judge panel), vacated and remanded on other grounds, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974), on remand, 379 F.Supp. 1376 (E.D.Wis. 1974), vacated and remanded on other grounds, 421 U.S. 957, 95 S.Ct. 1943, 44 L.Ed.2d 445 (1975), with Wis. Stat. §§ 51.01–.05. Also, there is ample support for the proposition that members of the plaintiff class are entitled to procedural due process prior to commitment to a mental institution. E.g., *Heryford v. Parker*, 396 F.2d 393 (10th Cir. 1968).

See also *In re Gault*, 387 U.S. 1, 87, S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Lessard v. Schmidt*, 349 F.Supp. 1078 (E.D.Wis. 1972), vacated and remanded, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974), on remand, 379 F.Supp. 1376 (E.D.Wis. 1974), vacated and remanded on other grounds, 43 U.S.L.W. 3600 (U.S. May 12, 1975).

■ We have little trouble concluding that the plaintiff and the class he represents will be subject to irreparable harm. Put bluntly, the record demonstrates that a period of commitment to a mental institution can have a lasting and serious impact on an individual.

■ Due process requires that state officials provide a precommitment hearing for those who do not voluntarily seek institutional care. Providing such a hearing will inflict a minor burden upon the defendants when compared to the harm which would be suffered by the plaintiff class if due process hearings are not provided to them.

While it follows that interim relief must be afforded to the plaintiff class, we shall reserve our ruling on the precise nature and extent of such procedural protections until we can review detailed proposals for such injunction. See, e.g., *Lessard v. Schmidt*, 379 F.Supp. 1376 (E.D.Wis.1974). Such proposals should be submitted with supporting memoranda of law in accordance with the schedule set forth at the end of this opinion. After we have been supplied with the information necessary to formulate an adequate injunctive order, we intend to grant the plaintiff's motion for a preliminary injunction.

Therefore, it is ordered that the plaintiffs' motion for an order determining that this action may be maintained, pursuant to Rules 23(a), (b)(2), Federal Rules of Civil Procedure, on behalf of a class of plaintiffs and against a class of defendants be and hereby is granted. The class represented by the plaintiff is hereby defined to include:

All persons under eighteen years of age who have been, are, or may be ad-

mitted to and detained at any county or state mental health facilities pursuant to Wis.Stat. § 51.10 (1973).

The class of defendants represented by the defendants Crowley, Currier and Pyle is hereby defined to include:

All officials within the state of Wisconsin who are authorized by Wis.Stat. § 51.10 (1973) to admit members of the class of plaintiffs to state and county institutions.

It is also ordered that the parties adhere to the following schedule with respect to the preliminary injunctive relief sought by the plaintiffs:

On or before September 5, 1975, the plaintiffs shall serve and file their proposed order together with a supporting memorandum of law; on or before September 25, 1975, the defendants shall serve and file their memorandum of law in opposition to the plaintiffs' request for injunctive relief; defendants may, if they desire, serve and file a proposed order; on or before October 6, 1975, the plaintiffs shall serve and file their reply brief.