**Alberta LESSARD et al., Plaintiffs,**

v.

**Wilbur SCHMIDT et al., Defendants.**

**Civ. A. No. 71–C–602.**

United States District Court,
E. D. Wisconsin.

May 28, 1976.

Robert H. Blondis and Thomas E. Dixon, Jr., Milwaukee Legal Services, Milwaukee, Wis., for plaintiffs.

Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants Wilbur Schmidt and Leonard Ganser.

George E. Rice, Deputy Corp. Counsel, Milwaukee, Wis., for defendants Dr. George Currier, Bert W. Pyle, Jr., Dr. Kevin Kennedy, and Judge Christ T. Seraphim.

MEMORANDUM OPINION
AND JUDGMENT

Before SPRECHER, Circuit Judge,
REYNOLDS, Chief District Judge and
GORDON, District Judge.

SPRECHER, Circuit Judge.

In *Lessard v. Schmidt*, 349 F.Supp. 1078 (E.D.Wisc.1972), the first consideration of this case, this court held that the Wisconsin civil commitment procedures did not provide adequate due process rights to those who were committed and ordered numerous safeguards be instituted, including adequate notice, the right to counsel, availability of the privilege against self-incrimination, and a speedy hearing. The Supreme Court vacated and remanded the case because the judgment entered did not meet the specificity requirements for injunctive orders of Fed.R.Civ.P. 65(d). *Schmidt v. Lessard*, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). In *Lessard v. Schmidt*, 379 F.Supp. 1376 (E.D.Wisc.1974), this court entered a specific judgment in accordance with the prior opinion. The Supreme Court again vacated and remanded, this time "for further consideration in light of *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)." In accordance with this direction, then, this court considers the effect that the *Huffman* case has on the validity of the prior judgment in *Lessard*.

I

The *Huffman* case extends the doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), of federal non-intervention in pending state criminal proceedings to pending state civil proceedings. The Supreme Court, however, limited the applicability of the doctrine only to those civil cases in which "[t]he State is a party to the . . . proceeding, and the proceeding is both in aid of and closely related to criminal statutes . . . ." 420 U.S. at 604, 95 S.Ct. at 1208, 43 L.Ed.2d at 492. The Court elaborated on this by noting that federal intervention in such a proceeding would disrupt the "State's efforts to protect the very interests which

underlie its criminal laws and to obtain compliance with precisely the standards which are embodied in its criminal laws." 420 U.S. at 605, 95 S.Ct. at 1208, 43 L.Ed.2d at 492. Thus, the question this court must decide is whether the civil commitment proceedings in *Lessard* fall into this category of civil proceedings.

■ While it is clear that the state is a party to civil commitment proceedings in Wisconsin, it is not so clear that these proceedings are "both in aid of and closely related to criminal statutes." We note at the outset that both the Wisconsin Supreme Court and the United States Supreme Court have recognized a close connection between the Wisconsin civil commitment statute and the state's sex crimes law. *State ex rel. Farrell v. Stovall*, 59 Wisc.2d 148, 207 N.W.2d 809, 815 (1973); *Humphrey v. Cady*, 405 U.S. 504, 509–13, 92 S.Ct. 1048, 1052, 31 L.Ed.2d 394, 402 (1972). However, this noted similarity between commitment procedures under the sex crimes laws and the civil commitment procedures is not persuasive on the issue of whether civil commitment is "both in aid of and closely related to criminal statutes." The differences between the two statutes, indeed, point up the fact that civil commitment has little relation to the state's interest in its criminal law. While the main purpose of the Wisconsin Sex Crimes Law is to protect society from commission of further sex crimes, *Hill v. Burke*, 422 F.2d 1195 (7th Cir. 1970), and commitment under it requires proof of commission of a sex crime, Wisc.Stat.Ann. §§ 975.01, 975.02 (1972 Supp.), the purpose of the State Mental Health Act is clearly different.

> It is . . . to provide for care and treatment in state and county hospitals for persons who by reason of mental illness, infirmity or deficiency are in need of care and treatment not feasible in their homes or in private facilities. Wisc. Stat.Ann. § 51.005(1) (1957).

The standards applied under the act have no connection with the State's interest in furthering the goals of its criminal justice system. The statute defines "mental illness

[as] synonymous with insanity; mental infirmity with senility; and mental deficiency with feeble-mindedness." Wisc.Stat.Ann. § 51.001(1) (1957). No crime must be committed for commitment, nor does the statute require a showing that the patient is a danger to society. Indeed, Ms. Lessard is a perfect example. Possibly she was a danger to herself, but in no way could it be said that she was a danger to society nor that the State's interests which underlie its criminal laws were furthered in any way by her commitment. Therefore, although the State is a party to civil commitment proceedings, these proceedings are neither in aid of nor closely related to any state interests underlying its criminal justice system.

## II

█ Moreover, the underlying rationale of *Huffman* does not apply to this case. First, as noted in *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488, 499 (1973):

> *Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts. Such a course naturally presupposes the opportunity to raise and have timely decided by a *competent state tribunal* the federal issues involved. (Emphasis added.)

Here, the tribunal which Ms. Lessard faced may not have been competent to decide the questions raised in the federal suit. In *In Re Brand*, 251 Wis. 531, 30 N.W.2d 238 (1947), *appeal dismissed, cert. denied*, 335 U.S. 802, 69 S.Ct. 34, 93 L.Ed. 359 (1948), the Wisconsin Supreme Court held that appeal was not available from a determination of insanity. The defendants have suggested that the statute upon which this holding was based has been amended to allow appeal. However, the effect of this amendment is not clear.[1] The amendment did not create an explicit right of appeal in distinct contrast to the provisions for appeal from other statutes. In addition, at the time when the first *Lessard* decision appeared, the Wisconsin Supreme Court had instructed its trial courts to avoid declaring statutes unconstitutional unless the trial court was convinced of such clearly beyond a reasonable doubt. *State v. Stehlek*, 262 Wis. 642, 56 N.W.2d 514 (1953). The *Stehlek* case was overruled shortly after the first *Lessard* decision in *Just v. Marinette County*, 56 Wisc.2d 7, 201 N.W.2d 767, 772 (1972). However, the *Just* decision continued to hold that statutes were presumed constitutional unless proved otherwise beyond a reasonable doubt. *Id.* These two factors—the questionable right of appeal and the high presumption of constitutionality—make it practically impossible to raise constitutional challenges and have them decided in a civil commitment proceeding. Thus, it is doubtful that such a proceeding can be considered a "competent state tribunal" to decide federal questions within the meaning of *Gibson v. Berryhill*.

Second, the *Huffman* case points out that one of the major considerations underlying the *Younger* doctrine is the avoidance of interference with state judicial proceedings. As the Court wrote:

> from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry." An additional provision states that the above time limitations do not apply in cases in which a judgment is rendered against an insane person. However, since the very purpose for an appeal of a judgment of insanity is to challenge that determination, a reversal of the judgment would presumably bring the time limitations into operation and the three or six month limitation would therefore be applicable. The order challenged here was entered on November 24, 1971; the time for appeal, if it ever existed, has therefore run.

---

1. This court has previously considered this issue and in *Lessard v. Schmidt*, 349 F.Supp. 1078, 1083–84 (1972), we noted the following:

> The lack of . . . a provision [for appeal] in the general civil commitment statute is in sharp contrast to the explicit appeal right provided under the Wisconsin Sex Crimes Act. Wisc.Stat.Ann. § 975.16. If any right of appeal does exist, it arises under Wisc.Stat.Ann. § 274.01(1) (1972 Supp.), which provides: "Except as otherwise provided the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months

[I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed . . .. Such interference also results in duplicative legal proceedings, and can readily be interpreted "as reflecting negatively upon the state courts' ability to enforce constitutional principles." 420 U.S. at 604, 95 S.Ct. at 1208, 43 L.Ed.2d at 492.

In *Lessard,* however, there was no interference with the state proceedings. A preliminary injunction was denied at the inception of the federal suit and when the federal decision finally came down the state proceedings had terminated and time for appeal (if the possibility of such existed) had passed. 349 F.Supp. at 1082–84. In *Kidd v. Schmidt,* 399 F.Supp. 301 (E.D.Wisc.1975), a three-judge district court of this district held that the *Huffman* doctrine was inapposite to a situation in which a juvenile had been committed without a hearing. The court found that even though the children's court had continuing jurisdiction over the plaintiff in *Kidd,* there was no pending proceeding for purposes of *Huffman.* We find this reasoning persuasive.

### III

It seems clear, then, that not only does the present case fall outside the category of civil suits which *Huffman* encompassed, but also it exhibits none of the policy concerns underlying the *Younger-Huffman* doctrine. As this court noted in its first opinion in *Lessard,* 349 F.Supp. at 1084:

In these circumstances it would be unjust to require the plaintiff to forego this suit. Principles of federalism and comity do not require this court to refuse to act when to do so would only discourage the assertion of federal constitutional rights and perhaps cause irreparable injury to persons subject to involuntary loss of freedom as the result of the challenged commitment procedure.

Therefore, the grant of federal relief to Ms. Lessard was proper.

The prior judgment of this court is reinstated.

MYRON L. GORDON, District Judge (concurring).

I concur in the result reached by the panel today for the reasons stated in part II of the opinion. I do not subscribe to the reading the panel gives to *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), in part I of the decision. See *Burdick v. Miech,* 409 F.Supp. 982 (E.D. Wisc., decided December 3, 1975) (3-judge panel).