IN MATTER OF Willie PARHAM : MILWAUKEE COUNTY,
Appellant,

v.

Willie PARHAM, Respondent.

Court of Appeals

*No. 79–641. Submitted on briefs October 12, 1979.—
Decided December 11, 1979.*
(Also reported in 289 N.W.2d 326.)

For the appellant, the cause was submitted on the briefs of *Robert P. Russell,* corporation counsel, with whom in the brief was *Robert A. McKnight,* assistant corporation counsel.

For the respondent, the cause was submitted on the brief of *Thomas K. Zander,* chief staff attorney, mental health division, state public defender's office, with whom in the brief was *Stuart Spielman,* assistant state public defender.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J. This case was dismissed by the trial court because the officer who took the respondent into custody under the emergency detention procedures set forth in sec. 51.15 of the statutes was not the same officer who signed the detention statement. We hold that under the specific facts of this case, there was substantial compliance with the statute and reverse.

On March 6, 1979, Officers Robert Haller and Robert Rawski were called to a laundromat where respondent was allegedly creating a disturbance. The respondent was taken into custody by Officer Rawski.[1] A detention

---

[1] Sec. 51.15(1), Stats., provides:

51.15 *Emergency detention.* (1) *Basis for Detention.* (a) A law enforcement officer may take an individual into custody if the officer has cause to believe that such individual is mentally ill, drug dependent or developmentally disabled, and that the individual evidences:

1. A substantial probability of physical harm to himself or herself as manifested by evidence of recent threats of or attempts at suicide or serious bodily harm;

2. A substantial probability of physical harm to other persons as manifested by evidence of recent homicidal or other violent behavior on his or her part, or by evidence that others are placed in

statement was prepared as required by sec. 51.15 (4) (a), Stats. The statement listed Officer Rawski as the person taking respondent into custody; however, Officer Haller signed the detention report. Respondent argues that this disparity requires dismissal of appellant's petition under sec. 51.15, Stats. We disagree.

Respondent contends that sec. 51.15, Stats., mandates that the person signing the statement be the same person who is listed as the person who took respondent into custody. This construction is based upon the use of the phrase "an officer" in sec. 51.15 (1), Stats., describing under what conditions and by whom an individual may be taken into custody, and the use of "the officer" in sec. 51.15 (4), Stats.,[2] pertaining to the completion of the de-

reasonable fear of violent behavior and serious physical harm to them, as evidenced by a recent overt act, attempt or threat to do such physical harm on his or her part; or

3. A very substantial probability of physical impairment or injury to himself or herself due to impaired judgment, as manifested by evidence of a pattern of recent acts or omissions. The probability of physical impairment or injury may not be deemed very substantial under this subdivision if reasonable provision for the individual's protection is available in the community.

(b) The officer's belief shall be based on specific recent overt acts, attempts or threats to act or on a pattern of recent acts or omissions made by the individual and observed by or reliably reported to the officer.

[2] Sec. 51.15 (4), Stats., provides:

(4) *Detention Procedure, Milwaukee County.* (a) In counties having a population of 500,000 or more, the law enforcement officer shall sign a statement of emergency detention which shall provide detailed specific information concerning the recent overt acts, attempts or threats to act or the pattern of recent acts or omissions on which the belief under sub. (1) is based and the names of the persons observing or reporting such recent overt acts, attempts or threats to act or pattern of recent acts or omissions. The law enforcement officer is not required to designate in the statement whether the subject individual is mentally ill, developmentally disabled or drug dependent, but shall allege that he or she has cause to believe that the individual evidences one or more of these conditions. The law enforcement officer shall de-

tention report. Such a technical construction would undermine the very purpose the emergency procedures are designed to serve.

In construing statutes, our supreme court has stated "a 'cardinal rule in interpreting statutes,' namely, that 'the purpose of the whole act is to be sought and is favored over a construction which will defeat the manifest object of the act.' *Student Ass'n of UW–M v. Baum*, 74 Wis.2d 283, 294–95, 246 N.W.2d 622, 627 (1976)." *Milwaukee County v. Department of Industry, Labor & Human Relations*, 80 Wis.2d 445, 453, 259 N.W.2d 118, 122 (1977). Further guidance is provided by the recent affirmance of the rule that "[w]here more than one construction of a statute is possible, the reasonable meaning, one which avoids absurd results is to be preferred." *Jaeger Baking Co. v. Kretschmann*, 87 Wis.2d 375, 383, 275 N.W.2d 97, 100 (Ct. App. 1978). [Citations omitted.]

The legislative policy for the State Mental Health Act, Chapter 51, Stats., is contained in sec. 51.001, Stats.[3] This statute indicates that the emphasis is to be placed upon providing care and treatment of those with mental disorders through the least restrictive means possible. We find that this ultimate objective of providing treatment is frustrated by the construction urged by respondent.

---

liver, or cause to be delivered, the statement to the detention facility upon the delivery of the individual to it.

[3] Sec. 51.001(1), Stats., provides:

51.001 *Legislative policy.* (1) It is the policy of the state to assure the provision of a full range of treatment and rehabilitation services in the state for all mental disorders and developmental disabilities and for mental illness, alcoholism and other drug abuse. There shall be a unified system of prevention of such conditions and provision of services which will assure all people in need of care access to the least restrictive treatment alternative appropriate to their needs, and movement through all treatment components to assure continuity of care.

The due process guarantees, as stated in sec. 51.20(5), Stats.,[4] applicable at the probable cause hearing stage, may be adequately protected without resorting to the invalidation of detention reports on nonprejudicial technicalities. The purpose of the detention statement is to provide notice to the person detained of the justifications for the detention, as well as provide notice of who will be called upon to testify in favor of commitment. To insure the fulfillment of this function, the report must be made by an individual with personal knowledge of the totality of events surrounding the detention and who will be available for cross-examination.

It has been repeatedly determined that the due process standard to be applied in involuntary commitment cases at the hearing stage is to be a flexible one, and need not be as strictly construed as that applied in criminal proceedings. *See Parham v. J. R.*, 442 U.S. 584, 61 L. Ed.2d 101, 122, 99 S. Ct. 2493, 2506–07 (1979); *Lessard v. Schmidt,* 349 F. Supp. 1078, 1091–92 (E.D. Wis. 1972) (three-judge court), *vacated on other grounds,* 414 U.S. 473 (1974), *on remand,* 379 F. Supp. 1376 (E.D. Wis. 1974), *vacated on other grounds,* 421 U.S. 957 (1975). Thus, in the absence of a showing of actual prejudice due to the listing of one officer as the arresting officer and

[4] Sec. 51.20(5), Stats., provides:

(5) *Hearing Requirements.* The hearings which are required to be held under this chapter shall conform to the essentials of due process and fair treatment including the right to an open hearing, the right to request a closed hearing, the right to counsel, the right to present and cross-examine witnesses, the right to remain silent and the right to a jury trial if requested under sub. (11). The parent or guardian of a minor who is the subject of a hearing shall have the right to participate in the hearing and to be represented by counsel. All proceedings under this chapter shall be reported as provided in s. 757.55. The court may determine to hold a hearing under this section at the institution at which the individual is detained, whether or not located in the same county as the court with which the petition was filed, unless the individual or his or her attorney objects.

another as the individual preparing the report in the emergency detention statement, no dismissal should be granted.

The detention statement on its face indicates that the officers participated jointly in the events preceding the detention of respondent:

On Tues. 3–6–79 at 12:25/pm *we* were dispatched to "trouble" with man at the laundramat [sic] 2484 W. Brown Street. Upon *our* arrival *we* were met by and interviewed the manager there (below Mr. Howard) who informed *us* that there was a man in the laundramat [sic] that was bothering other patrons, swearing and yelling loudly and he doesn't have any business there as he isn't washing cloths [sic]. *We* then approached subject who was still loud and profane and attempted to interview him. Subject gave his name as Willie Parham B/M 11–13–53 and stated he didn't know his address. He was rambling on and on about nothing and began making threats to shoot several people in the area. He became very incoherent and went from a very emotional threatening state to laughter to talking to people that weren't there. Due to subject's actions and threats *we* feel subject to be a threat and should be detained.

Previous described incident occurred in City and County of Milwaukee and State of Wisconsin. [Emphasis supplied.]

From the statement it may be reasonably concluded that both officers were in possession of the knowledge of the respondent's conduct that allegedly justified his detention and that either could be fully cross-examined with regard to the detention procedure. Thus, there does not appear to be prejudice to the defendant, and it does appear that the purpose of the statute is fulfilled and that the procedure was in substantial compliance with the statute. However, should it appear in the detention report that the officer who signed the detention report was not possessed of knowledge justifying the detention, then a dismissal of the proceeding should properly have been granted.

*By the Court.*—Order reversed.