# IN the MATTER OF GUARDIANSHIP OF R.S.:
## R.S., Appellant-Petitioner,

v.

## MILWAUKEE COUNTY, Respondent.

Supreme Court

*No. 89-0970. Submitted on briefs March 27, 1991.—Decided June 5, 1991.*

(Also reported in 470 N.W.2d 260.)

For the petitioner-appellant there were briefs by *Robert W. Pledl* and *Courtney, Pledl & Molter, S.C.,* Milwaukee.

For the respondent there was a brief by *John Jorgensen,* principal assistant, corporation counsel, Milwaukee.

Guardian ad litem briefs were filed by *Curry First* and *Legal Aid Society of Milwaukee, Inc.,* Milwaukee.

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, 154 Wis. 2d 706, 454 N.W.2d 1 (1990), affirming an order of the Milwaukee County Circuit Court, William J. Shaughnessy, Circuit Judge. In a contested guardianship proceeding under sec. 880.12, Stats. 1987–88, the circuit court found R.S. incompetent and ordered the appointment of a guardian of her person. R.S.'s attorney appealed that order to the court of appeals asserting that the circuit court erred in admitting into evidence a licensed psychologist's written report about R.S.'s competency and in finding her incompetent. The court of appeals affirmed the order of the circuit court, holding that the psychologist's written report was properly admitted into evidence under an exception to the hearsay rule and that the state carried its burden of proving incompetency by clear and convincing evidence. Upon petitions to review by R.S.'s guardian ad litem and attorney we reverse the decision of the court of appeals.

The question in this case is whether in a contested guardianship proceeding the written report of a licensed psychologist may be introduced as evidence without the in-person testimony of the psychologist and whether in a contested guardianship proceeding the petitioner must call the licensed psychologist to testify as a witness. We conclude that the written report submitted to the circuit

199

court diagnosing R.S. as suffering from chronic schizophrenia was, without the testimony of the psychologist, hearsay and inadmissible over objection in a contested hearing because it did not come within any exception to the hearsay rule. We further conclude that sec. 880.33(2)(a)1 requires the petitioner to call as a witness the licensed psychologist or physician who furnished the report in a contested guardianship proceeding.

The facts of the case are not in dispute. R.S. is a woman residing at the North Shore Health Care Center in Milwaukee. Maryann Kasianowicz, a court liaison worker for the Community Services Division of Milwaukee County (caseworker), filed a petition for guardianship of R.S. on November 8, 1988. Corporation counsel for Milwaukee county appeared on behalf of the petitioner, Ms. Kasianowicz.

The petition states that the proposed ward is in need of a guardian because "she is allegedly incompetent due to other like incapacities. She is diagnosed as suffering from chronic paranoid schizophrenia." Filed with the guardianship petition was a written competency evaluation report on R.S. dated June 14, 1988, prepared by Nicholas Claditis, Ed.D., a licensed psychologist, at the request of Milwaukee County Protective Services Management Team.[1] The Legal Aid Society of Milwau-

---

[1] On the day of the hearing the caseworker testified that the same psychologist had completed a more recent report dated January 18, 1989. Because the later report was not provided to R.S.'s attorney before the hearing as sec. 880.33 requires, counsel for Milwaukee county did not introduce it into evidence or request that it be made part of the record. It was, however, with the consent of all counsel, given to the circuit judge and is in the circuit court record provided this court.

Section 880.33, Stats. 1987–88, provides in part:

(1) Whenever it is proposed to appoint a guardian on the ground of

kee County, Inc., R.S.'s court-appointed guardian ad litem, notified the circuit court that R.S. objected to the petition, and the circuit court appointed the State Public Defender's office counsel for R.S. Section 880.33(2)(a)1.

Trial on the petition began on February 13, 1989. The only witness was the caseworker. She described R.S.'s behavior, especially her sometimes thinking that she was a man, and, over objection of R.S.'s counsel, gave the opinion that R.S. was a proper subject for guardianship.[2]

Milwaukee county corporation counsel moved to introduce the psychologist's report into evidence. Counsel for R.S. argued that the report was hearsay and improperly authenticated and that unless the corporation counsel called Dr. Claditis to testify, R.S.'s right to cross-examine Dr. Claditis, a right granted by sec. 880.33(2), Stats. 1987–88, could not be exercised. The circuit court adjourned the trial to allow R.S. to subpoena the psychologist.

incompetency, a licensed physician or a licensed psychologist, or both, shall furnish a written statement concerning the mental condition of the proposed ward, based upon examination.

(2) . . . The proposed ward, attorney or guardian ad litem shall have the right to present and cross-examine witnesses, including the physician or psychologist reporting to the court under sub. (1). The attorney or guardian ad litem for the proposed ward shall be provided with a copy of the report of the physician or psychologist at least 96 hours in advance of the hearing.

[2]The caseworker's testimony was limited. She was asked only about her personal observations of R.S. from her 4 or 5 interviews with R.S. and gave her opinion about R.S.'s inability to take care of herself on the basis only of her own observations. The caseworker was not asked for her opinion whether R.S. suffered from chronic paranoid schizophrenia. The caseworker was careful not to state that she made the diagnosis of schizophrenia. She merely stated in her testimony, without more, that R.S. had a diagnosis of chronic schizophrenia.

When the trial resumed, counsel for R.S. had not subpoenaed the psychologist. Instead, counsel for R.S. filed a memorandum opposing the admission of the report into evidence. The circuit court received the report in evidence.

The circuit court's memorandum decision stated that the caseworker's testimony served as clear and convincing evidence that R.S. was incompetent and that the psychologist's written report was unnecessary to meet the burden of proof concerning competency. The circuit court nevertheless concluded that although the written report was hearsay, it was admissible under the public records exception found in sec. 908.03(8), Stats. 1987–88, and "reinforce[d]" the caseworker's testimony.

The court of appeals affirmed the order of the circuit court. The court of appeals held that sec. 880.33 does not require the petitioner to call the author of the report to testify and that although the report was hearsay, the report was admissible under sec. (Rule) 908.02, Stats. 1987–88, as an exception to the hearsay rule "adopted by statute."[3]

We begin with the statutes defining guardianship and incompetency to assess what the petitioner must prove to enable the circuit court to find the proposed ward incompetent and to appoint a guardian for the person. The circuit court cannot appoint a guardian unless it appears by clear and convincing evidence that the person is incompetent. Section 880.33(4).[4]

---

[3]The court of appeals also held that the psychologist's report was properly authenticated.

[4]Section 880.33(4), Stats. 1987–88, provides that "when it appears by clear and convincing evidence that the person is incompetent, the court shall appoint a guardian."

202

Section 880.01(4) defines incompetent as "a person adjudged by a court of record to be substantially incapable of managing his property or caring for himself by reason of infirmities of aging, developmental disabilities, or *other like incapacities.* Physical disability without mental incapacity is not sufficient to establish incompetence." (Emphasis added.) Incompetency as defined thus has two components: (1) the functional incapacity and (2) the disorder or disability causing the functional incapacity.

The petition in this case alleged that R.S. was substantially incapable of caring for herself by reason of her having "other like incapacities."[5] The phrase "other like incapacities" in sec. 880.01(3) and in the petition refers to sec. 880.01(8), which defines "other like incapacities" as "those conditions incurred at any age which are the result of accident, organic brain damage, mental or physical disability, continued consumption or absorption of substances, producing a condition which substantially impairs an individual from providing for his own care or custody."

In this case, on the basis of the statutes and the petition for guardianship, the petitioner had the burden of proving by clear and convincing evidence that R.S. was substantially incapable of caring for herself by reason of a mental disability, namely, chronic paranoid schizophrenia. The petitioner's burden of proof in this case is twofold: incapacity to care for oneself; the condition producing the incapacity is a mental disability, in

---

[5]The guardianship petition stated that R.S. needed a guardian because "she is allegedly incompetent due to *other like incapacities.* She is diagnosed as suffering from chronic paranoid schizophrenia."

203

this case chronic paranoid schizophrenia. Physical disability without mental incapacity is not sufficient to establish incompetency. Section 880.01(4). R.S. objected to the appointment of a guardian because she claimed there was nothing "mentally wrong with her."

We turn first to the circuit court's decision to admit the psychologist's written report as evidence at the contested guardianship proceeding to prove R.S. incompetent. The psychologist's report states that R.S. has been diagnosed with chronic paranoid schizophrenia and that this psychologist's diagnostic impression is chronic schizophrenia, paranoid type. The report describes R.S. as alert, partially oriented to person and place, somewhat disoriented to time, agitated, sometimes claiming to be a man, and fully cooperative with the staff when she is rational. The report concludes that R.S. is incompetent by reason of her chronic mental illness, that she is unable to make sound decisions regarding her personal affairs and that a guardian ought to be appointed.

The circuit court, the court of appeals, the parties and this court agree that the psychologist's written report is hearsay.[6] The general rule is that when there is an objection, hearsay evidence is inadmissible unless it comes within an exception to the rule. Section (Rule) 908.03, Stats. 1987-88.

The circuit court ruled that the psychologist's report, although hearsay, was admissible under the public records and reports exception set forth in sec. (Rule) 908.03(8), Stats. 1987-88. Section (Rule) 908.03(8) provides as follows:

[6]Section (Rule) 908.01(3) states: " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

**908.03(8).** Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The circuit court characterized the psychologist's report as "factual findings resulting from an investigation made pursuant to authority granted by law" within sec. (Rule) 908.03(8). The circuit court found the report trustworthy because the psychologist had testified before the court many times and "his credibility or his lack of bias has never been challenged." Because no showing of lack of trustworthiness was made, the circuit court admitted the report as an exception to the hearsay rule under sec. (Rule) 908.03(8).

The court of appeals concluded, and we agree, that the psychologist's report does not fit within the sec. (Rule) 908.03(8) exception to hearsay because the report does not constitute a report, statements or findings of a "public office or agency" within the meaning of sec. (Rule) 908.03(8). Though the psychologist may be hired frequently by Milwaukee county for competency evaluations, he is a private practitioner, not a public office or agency. The psychologist prepared his report in his private capacity as a consulting psychologist, and the report does not qualify as the factual finding of a public office or agency within sec. (Rule) 908.03(8).

The court of appeals concluded, however, that the circuit court's admission of the psychologist's report was

proper under sec. (Rule) 908.02, which provides that hearsay is not admissible *"except as provided . . . by statute."*[7] (Emphasis added.) According to the court of appeals, sec. 880.33 is the statutory provision that authorizes the admission of the report as an exception to the hearsay rule. We do not agree with the court of appeals' reading of sec. 880.33 as authorizing the introduction of hearsay evidence. Sections 880.33(1) and (2)(a)1 provide in pertinent part as follows:

> **880.33 Incompetency; appointment of guardian. (1)** Whenever it is proposed to appoint a guardian on the ground of incompetency, a licensed physician or licensed psychologist, or both, shall furnish a written statement concerning the mental condition of the proposed ward, based upon examination . . .. A copy of the statement shall be provided to the proposed ward, guardian ad litem and attorney . . ..
>
> **(2)** (a)1. . . .. The attorney or guardian ad litem for the proposed ward shall be provided with a copy of the report of the physician or psychologist at least 96 hours in advance of the hearing . . ..

Section 880.33 merely provides that a written statement by a licensed physician or licensed psychologist concerning the mental condition of a proposed guardian must be "furnished" when "it is proposed to appoint a guardian on grounds of incompetence." The statute goes on to say that a copy of the report must be provided to the attorney or guardian ad litem at least 96 hours in advance of the hearing.

The statute is silent about who retains the licensed professional to evaluate the proposed ward. The petitioner did so in this case. The statute is silent about

---

[7]Section 908.02 provides that "hearsay is not admissible except as provided by these rules or by other rules adopted by the supreme court or by statute."

whether the report must be furnished to or filed with the circuit court. The report was filed in this case. Nothing in sec. 880.33 states that the report is admissible in evidence. Nothing in sec. 880.33 states that the report is admissible in evidence as an exception to the hearsay rule.

We can find no basis for the court of appeals' concluding that the legislature intended the words in sec. 880.33 that a "licensed physician or licensed psychologist shall furnish a written statement" and "the attorney or guardian ad litem of the proposed ward shall be provided with a copy of the report" to mean that "the circuit court shall admit the written report into evidence as an exception to the hearsay rule under sec. 908.02." If the legislature had intended for the report to be admitted into evidence at trial as an exception to the hearsay rule, it would have said so. It did not.

Because we conclude that sec. 880.33 does not provide that the hearsay written report of the licensed professional is admissible in evidence in a contested guardianship hearing without the in court testimony of the professional who prepared the report, we conclude that R.S.'s objection to admitting this hearsay evidence must be sustained.

We emphasize that this case involves a *contested* guardianship proceeding. We do not question a circuit court's reliance on a licensed professional's written report under sec. 880.33 when the proposed ward does not object to the appointment of a guardian or does not object to the report being admitted as evidence. The legislature probably imposed the requirement of the report to aid the court and to protect proposed wards against improvident appointment of guardians based only on the testimony of possibly overzealous or self-

interested petitioners. Comments of the Commissioners on Uniform State Laws to Uniform Guardianship and Protective Proceedings Act, 8A U.L.A. sec. 2-203, pp. 477-78 (1983). In uncontested guardianship proceedings the licensed professional's report may serve the important function of providing the opinion of a "disinterested" professional upon which the circuit court may rely to determine the appropriateness of the proposed guardianship. In an uncontested guardianship case the proposed ward agrees to the guardianship and waives his or her rights to object to the report as hearsay. But although the report is useful in an uncontested guardianship proceeding, it does not follow that in a contested guardianship proceeding the report must be admitted into evidence as an exception to the hearsay rule.

The parties dispute whether sec. 880.33 requires the petitioner to call the physician or psychologist who furnishes the report as a witness to testify personally at a contested guardianship hearing. Nothing in sec. 880.33 expressly requires the petitioner to call the reporting physician or psychologist to testify in person in a contested guardianship proceeding. The statute is written, however, on the premise that the petitioner would call the reporting licensed professional to testify as a witness in a contested proceeding.

First, the definition of incompetent has a medical or psychological component. Section 880.01(4), (8). Second, the burden of proving incompetence is on the petitioner. Section 880.33(4). Third, sections 880.33(1) and (2)(a)1 expressly require the petitioner to furnish the report to the guardian ad litem, attorney and the proposed ward at least 96 hours in advance of the hearing. One reason for this requirement must be to allow the representatives of the proposed ward to prepare for the proceeding, including preparing to question the author of the report.

208

Fourth, the statute expressly gives the proposed ward the right to cross-examine the professional. Section 880.33(2)(a)1 provides that "the proposed ward, attorney or guardian ad litem shall have the right to present and cross-examine witnesses, including the physician or psychologist reporting to the court . . .." This provision can be read to mean that the petitioner calls the licensed professional who prepared the report as a witness and that the proposed ward, attorney or guardian ad litem has the right to cross-examine him or her. Section 880.33(2)(a)1 also can be read to mean that the petitioner need not call the licensed professional and that the proposed ward has the right to call him or her as a witness.[8] We conclude that a more logical reading of sec. 880.33(2)(a)1 is that the proposed ward, attorney or guardian ad litem has the right to present evidence and to cross-examine witnesses, including the physician or psychologist reporting to the court.

We conclude that sec. 880.33 read as a whole demonstrates that the legislature intended the petitioner to produce the licensed professional reporting to the court to testify in person in a contested guardianship proceeding and that the proposed ward has the right to cross-examine the witness. This interpretation comports with the legislature's recognition that a judicial declaration of

[8]The court of appeals reads the statute in this way. The court of appeals, however, recognizes the difficulty of the petitioner meeting his or her burden of proof without someone calling the reporting professional as a witness. The court of appeals stated that "there was no showing that Dr. Claditis could not be subpoenaed, and, accordingly, we do not reach the issue of whether a trial court may rely on a report filed under sec. 880.33(1), Stats. when the expert is not available to testify." 154 Wis. 2d at 713 n.7.

incompetency and the appointment of a guardian has significant and drastic consequences and that the proposed ward's rights must be protected by a meaningful hearing.[9] Furthermore the interpretation comports with the statutory definition of incompetence that includes a medical component,[10] and the proposed ward's statutory right to cross-examine the licensed professional. Lastly the interpretation fits with the legislature's requiring the petitioner to prove incompetency by clear and convincing evidence. We do not believe that in a contested guardianship proceeding, a petitioner could carry the burden of proof without in-person testimony from the examining psychologist or physician.

Because the petitioner in this contested guardianship proceeding failed to meet the statutory burden of proof, we reverse the decision of the court of appeals and the order of the circuit court appointing a guardian of

[9]The legislature recognized the serious implications of guardianship by the procedural protections it established in the guardianship statutes. We need not reach in this case R.S.'s due process arguments based on *Lessard v. Schmidt,* 349 F. Supp. 1078 (E.D. Wis. 1972); *vacated and remanded on procedural grounds,* 414 U.S. 473 (1974); *judgment reentered,* 379 F. Supp. 1376 (E.D. Wis. 1974); *vacated and remanded on procedural grounds,* 421 U.S. 957 (1975); *judgment reentered,* 413 F. Supp. 1318 (E.D. Wis. 1976). The court in *Lessard* stated that "the seriousness of the deprivation of liberty and the consequences which follow an adjudication of mental illness make imperative strict adherence to the rules of evidence generally applicable to other proceedings in which an individual's liberty is in jeopardy." 349 F. Supp. at 1103.

[10]A witness in a contested guardianship proceeding would have to be qualified to give a medical or psychological opinion on, for example, a diagnosis of the proposed ward's mental disorder or disability and whether the proposed ward's inability to care for himself or herself is caused by the mental condition alleged in the petition, not a physical disability. Section 880.01(4).

the person of R.S. The cause is remanded to the circuit court for further proceedings on the petition or dismissal of the petition.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded.