Beverly KAMKE et al., Plaintiffs,

v.

Arthur SILVERMAN and Kenneth Ramminger, Defendants.

No. 76–C–285.

United States District Court,
E. D. Wisconsin.

Aug. 19, 1976.

Steven H. Steinglass, Robert H. Blondis and Patricia Nelson, Milwaukee Legal Services, Milwaukee, Wis., for plaintiffs.

Services, Milwaukee, Wis., for plaintiffs.

George E. Rice, Deputy Corp. Counsel, Milwaukee, Wis., Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek declaratory and injunctive relief on behalf of an alleged class of children and parents of children whose day treatment services are being terminated by the defendant officials of the Milwaukee county department of public welfare (MCDPW). The plaintiffs object to such terminations on due process and statutory grounds unless recipients are provided with an opportunity for a prior state fair hearing and also with adequate advance written notice advising them of their opportunity for such a hearing.

This court granted the plaintiffs' motion for a temporary restraining order against the county defendants on April 30, 1976. Thereafter, the county defendants informed

the court that the Wisconsin department of health and social services (DHSS) had refused to conduct fair hearings regarding the termination of services to those children who are in the legal custody of the MCDPW. Subsequently, an amended complaint naming Manuel Carballo, secretary of DHSS, as a defendant was filed. The plaintiffs' motion for a preliminary injunction, the county defendants' motion to dismiss, and the state defendant's motion to dismiss are presently before the court. I believe that the plaintiffs' motion should be granted and the defendants' motions denied.

## COUNTY DEFENDANTS' MOTION TO DISMISS

■ The county defendants filed a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. The same arguments are offered in support of each ground for the motion.

The defendants contend that the plaintiffs' constitutional claim is insubstantial in light of *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18, 44 U.S.L.W. 4224 (1976), and therefore that this court does not have jurisdiction under 28 U.S.C. § 1343 over a constitutional claim. They further contend that 42 U.S.C. § 1983 does not grant a cause of action for the plaintiffs' federal statutory claim and that even if it does, § 1343 does not give this court jurisdiction over the statutory claim independent of the constitutional claim. The defendants further point out that if this court is without jurisdiction over plaintiffs' federal claims, it is without jurisdiction to decide plaintiffs' state claims. Finally, the defendants urge this court to abstain under the doctrine of *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

In *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), the Supreme Court reviewed the question of insubstantiality of constitutional claims, stating that a claim is insubstantial only if it is:

". . . 'so attenuated and unsubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'obviously frivolous,' . . . 'no longer open to discussion,' . . . or because its 'unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' " (citations omitted) 415 U.S. at 536–37, 94 S.Ct. at 1378.

I believe the defendants' reliance on *Mathews v. Eldridge, supra,* with respect to the insubstantiality of the constitutional claim is misplaced. While *Eldridge* holds that trial-type hearings were not constitutionally required prior to the initial termination of social security disability benefits pending review, that decision does not suggest that the plaintiffs here can be permanently deprived of their day treatment benefits without the opportunity for any hearing at all. Indeed, that suggestion is foreclosed by the following language from *Eldridge* itself:

"This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest . . . The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' . . . The dispute centers upon what process is due prior to the initial termination of benefits, pending review." At 333, 96 S.Ct. at 902.

The amended complaint alleges that the threatened termination of the plaintiffs' benefits would provide no notice or opportunity to be heard. The "discharge notices" received by the plaintiffs did not refer to any right to request a hearing, either before or after the termination, to dispute the discharge. The plaintiffs have further alleged that until this court entered its temporary restraining order in this action, representatives of the county defendants had advised the plaintiffs that they had no right to receive a hearing to appeal their discharges. While *Eldridge* suggests that the

plaintiffs may not be constitutionally entitled to all of the procedural safeguards they seek, it is clear that the claim of the plaintiffs that the proposed discharges violate their rights to due process is a substantial one. Accordingly, the defendants' contention that this court is without jurisdiction over the constitutional claim will be rejected.

▮ Since this court has jurisdiction over the plaintiffs' constitutional claim, it also has pendent jurisdiction over the plaintiffs' federal statutory claim. *Hagans v. Lavine, supra,* 415 U.S. at 536, 94 S.Ct. 1372. Pendent jurisdiction similarly exists over the plaintiffs' state claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). I believe that the discretionary jurisdiction over the state claim should be exercised, since the state claim involves the same facts and parties as the federal claims and is based upon state policy promulgated to further federal policy. Moreover, judicial economy and fairness to litigants weigh against requiring the plaintiffs to pursue their state claim as a separate state court proceeding.

▮ The county defendants contend that this action is a proper one for federal court abstention under the doctrine of *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), at least as to those plaintiffs whose legal custody was previously transferred to the MCDPW by the state children's court. Those plaintiffs are subject to the "continuing jurisdiction" of the children's court, pursuant to sections 48.34 and 48.35, Wis.Stats., and the defendants argue that this court would therefore interfere with a pending state action were it to entertain this action. The plaintiffs argue that the children's court is not competent to decide the federal issues in this action or to grant the relief which they seek, in which case *Huffman* is inapplicable. *Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Lessard v. Schmidt,* 413 F.Supp. 1318 (E.D.Wis.1976). See also *Kidd v. Schmidt,* 399 F.Supp. 301 (E.D.Wis. 1975).

The children's court is governed by Chapter 48, Wis.Stats., which is "a chapter. of carefully spelled out definitions and enumerated powers." *State ex rel. Harris v. Larson,* 64 Wis.2d 521, 527, 219 N.W.2d 335, 339 (1974). The Wisconsin supreme court has stated:

> "The chapter reflects the legislature's desire to specifically define the authority of appropriate officers. Where there is evidence of such enumeration, it is in accordance with accepted principles of statutory construction to apply the maxim, *expressio unius est exclusio alterius*; in short, if the legislature did not specifically confer a power, it is evidence of legislative intent not to permit the exercise of the power." *Ibid.*

I am unable to find in chapter 48 any suggestion, much less any specific enumeration, of a power in the children's court to hear and determine the claim of the plaintiffs under the Constitution, federal statutes, and state policy to notice and a hearing before termination of their day treatment services. Nor can I find any suggestion that the children's court has the authority to order the defendants to provide the notice and hearing to which the plaintiffs claim they are entitled before any termination. Accordingly, I believe that *Huffman* is inapplicable to this action and that abstention is inappropriate.

▮ With respect to the plaintiffs whose custody is not in the MCDPW, the county defendants have suggested in their reply brief that the fact that the placement is "voluntary" leads to the conclusion that "no right to a fair hearing exists at law." No authority is provided for this novel contention, and I find it entirely without merit. In most every case in which individuals seek judicial relief from the reduction or termination of services or benefits provided by government, they are volunteers in the same sense as the plaintiffs in this action— they willingly applied for services or benefits offered by their government and wish to prevent the termination of those benefits or services except in accordance with due process and applicable statutory procedures.

For the above reasons, the county defendants' motion to dismiss this action will be denied.

## STATE DEFENDANT'S MOTION TO DISMISS

■ The secretary of DHSS filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that the state children's court is the only proper forum for the resolution of disputes over the proper treatment to be provided those plaintiffs in the legal custody of the MCDPW. His position is summarized in the brief in support of the motion as follows:

"No law in terms of mere federal regulations should be interpreted to permit the spectacle of a state agency interfering with the valid jurisdiction of a juvenile court."

The state defendant has not challenged the validity of 45 C.F.R. §§ 205.10 and 228.14, which provide the basis for the plaintiffs' nonconstitutional federal claim, nor has he suggested that those regulations do not by their terms or intent require the notice and hearing which the plaintiffs seek in this action prior to the termination of their day treatment services. No authorities are cited in support of the defendant's contention that this action involves interference with a juvenile court, and the state defendant does not refute or mention the plaintiffs' constitutional claim, which I have indicated above is a substantial one.

For these reasons and for those which led me to reject the county defendants' argument that abstention was required in this action, the state defendant's motion to dismiss will be denied.

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

■ The application for a preliminary injunction has been fully briefed and will be granted, since I believe that the plaintiffs have demonstrated the requisite probability of success on the merits, that they will suffer irreparable harm in the absence of such relief, and that the balance of the hardships and the public interest are in favor of the issuance of a preliminary injunction.

Aside from the arguments raised in their motions to dismiss, which have been rejected above, the defendants have not challenged the validity and applicability of the federal regulations and state policy upon which the plaintiffs rely in seeking notice and a hearing prior to the termination of their day treatment services. Accordingly, I believe there is a high likelihood that the plaintiffs will prevail in their contention that DHSS General Letter FS–74–2, dated January 9, 1974, and the similar provisions of 45 C.F.R. §§ 205.10 and 228.14 entitle them to the relief they seek. As a result, it is unnecessary to address myself to the plaintiffs' likelihood of success on their constitutional claim, although I have already indicated above that they appear to have a substantial due process claim to some relief.

As to the element of irreparable harm, the plaintiffs have supplied affidavits, which have not been contested, showing the substantial harm which would be suffered by the minor plaintiffs if the day treatment services which are being provided to treat their emotional, psychological, and behavioral problems were to be terminated. The defendants have suggested that "family counseling" services and special education services pursuant to chapter 115, Wis. Stats. (1973), will be available to the plaintiffs following the termination of their day treatment services and contend that the plaintiffs will not be harmed as a result. However, the affidavits show that these alternative services are not adequate to substitute for the day treatment services which the defendants threaten to terminate and are in some instances not immediately available.

For the above reasons, the plaintiffs' motion for a preliminary injunction will be granted, and a preliminary injunction will issue as of this date.

Therefore, IT IS ORDERED that the defendants' motions to dismiss be and hereby are denied.

IT IS ALSO ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is granted, and such preliminary injunction shall be in the manner and form attached hereto.

## PRELIMINARY INJUNCTION

The plaintiffs have moved this court pursuant to Rule 65, Federal Rules of Civil Procedure, for a preliminary injunction preventing the defendants from terminating the plaintiffs' day treatment services without providing the plaintiffs with an opportunity for a state fair hearing prior to such proposed terminations and without providing the plaintiffs with a timely and adequate advance written notice advising them of their opportunity for such a prior state hearing.

This court, based upon the complaint, the plaintiffs' affidavits, and the answer of the defendants Silverman and Ramminger filed herein, and representations of counsel to this court, finds that the defendants are terminating the day treatment services provided to the plaintiffs Beverly Kamke, Jeff Kamke, Emily Stumpf, James Menary and numerous other children and parents without first providing them with an opportunity for a state fair hearing prior to such proposed terminations and without providing them with timely and adequate advance written notice advising them of their opportunity for such a prior state fair hearing.

This court finds that:

1. This court has jurisdiction over the parties and subject matter of this action.

2. The plaintiffs will suffer immediate and irreparable harm caused by the denial of essential day treatment services unless this court enjoins the defendants from failing to provide the requested procedural safeguards prior to the terminations of such services.

3. There is reasonable probability that the plaintiffs will succeed on one or more of their claims.

IT IS HEREBY ORDERED:

1. That until a full adjudication of the merits of this controversy, the defendants Arthur Silverman, Kenneth Ramminger and Manuel Carballo, and their agents, employees, successors in office, assistants and all persons acting in concert or cooperation with them or at their direction or under their control (hereafter defendants) are preliminarily enjoined from terminating day treatment services provided to children through the purchase of service program of the Milwaukee county department of public welfare without first providing an opportunity for a state fair hearing prior to such proposed terminations.

2. That until a full adjudication of the merits of this controversy, the defendants are further preliminarily enjoined from terminating day treatment services provided to children through the purchase of service program of the Milwaukee county department of public welfare without first providing such children and their parents with a ten (10) day advance written notice advising them of their opportunity for a state fair hearing prior to such proposed terminations. Such notice shall include at least the following information:

(a) A statement of the reason for the proposed action, identifying the written policy, rule or regulation upon which the proposed action is based;

(b) A statement informing the parent or child of their right to request a state fair hearing under § 49.50(8) Wis.Stats.;

(c) The method by which such hearing may be obtained;

(d) The circumstances under which day treatment services will be continued when a fair hearing is requested; and

(e) That they may be represented by legal counsel, or by a relative, friend or other spokesperson, or they may represent themselves.

That within seven (7) working days of the signing of this order, the defendants provide a copy of this order to all employees of the Milwaukee county department of public welfare who are responsible in any way for the determination of eligibility for day treatment services, and to all employees of the department of health and social services

who are responsible in any way for the administration of the state fair hearing system.