**Gloria Jean SMITH et al., Plaintiffs,**

v.

**Edwin A. MUNDY et al., Defendants.**

**No. 76–C–639.**

United States District Court,
E. D. Wisconsin.

May 19, 1977.

Peter K. Lawrence, Gregory R. Parr, Milwaukee, Wis., for plaintiffs.

Robert P. Russell by James T. McClutchy, Asst. Corp. Counsel, Milwaukee, Wis. and Bronson C. LaFollette, Atty. Gen. by George B. Schwahn, Asst. Atty. Gen., Madison, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for declaratory and injunctive relief on behalf of children and parents of children whose day treatment services have been terminated by the defendants, officers of the Milwaukee County combined community services board (the Board). Additional defendants are the state department of health and social services (DHSS) and officers of DHSS.

All of the defendants have filed a motion to dismiss the action for failure to state a claim upon which relief can be granted. The plaintiffs have submitted a motion seeking a determination that this action may be maintained on behalf of a class pursuant to Rule 23, Federal Rules of Civil Procedure, and a motion for a preliminary injunction.

An *amicus* brief in support of the plaintiffs' motions was filed, with leave of the court, by the association for children with learning disabilities (ACLD) and the Wisconsin association for children with learning disabilities (WACLD). The parties have submitted briefs and numerous affidavits and exhibits in support of their respective positions. Upon review of the entire record, the plaintiffs' motion for certification of a class of plaintiffs will be granted, the plaintiff's motion for a preliminary injunction will be denied, and the defendants' motion to dismiss will be granted.

In this action, the plaintiffs challenge the termination of their day treatment services without notice and an opportunity for a prior hearing on due process, federal statutory, and state policy grounds. On September 13, 1976, I issued a temporary restraining order enjoining the Board defendants from terminating such services without notice and hearings.

Subsequently, the plaintiffs moved for a clarification of the temporary restraining order. After reviewing the record on November 4, 1976, when a hearing on the motion for clarification was held, by which

time the parties had substantially augmented their previous submissions, I found that the temporary restraining order should be vacated. The defendants had demonstrated serious, if not conclusive, deficiencies in the plaintiffs' proof that their interest in continued day treatment services was a legally protected interest or property right, subject to due process protection. Similar deficiencies were shown with respect to the applicability of the state and federal laws upon which the plaintiffs relied. In short, I found that the reasonable probability of success required for interlocutory injunctive relief did not exist as of November 4, 1976. The submissions of the parties between September 13, 1976, and November 4, 1976, persuaded me that I had previously misapprehended the effect of recent amendments to the Wisconsin statutes. I also found that the affidavits previously submitted by the plaintiffs, indicating that the Board's activities were supported in part with funds provided pursuant to Title XX of the Social Security Act, 42 U.S.C. §§ 1397 *et seq.*, were irrelevant to the specific programs at issue in this lawsuit. Accordingly, the temporary restraining order was vacated.

## CLASS ACTION MOTION

The plaintiffs seek certification of a class of all compulsory school age children who received day treatment services at private or public agencies at the expense of the Board, and the parents of those children. I believe that the plaintiffs have satisfied all of the requirements of Rule 23 and that a class should be certified. However, the class should be limited to the recipients of services at private agencies and their parents. Accordingly, the motion will be granted as to such class.

## PRELIMINARY INJUNCTION MOTION AND MOTION TO DISMISS

The plaintiffs' motion for a preliminary injunction and the defendants' motion to dismiss represent the two sides of a single coin: the plaintiffs contend that they are entitled to relief here and now, and the defendants urge exactly the opposite.

Since I am persuaded that the defendants' view of the applicable law is the correct one, a preliminary injunction motion will be denied, and the defendants' motion to dismiss will be granted.

The plaintiffs argue that they, like the plaintiff in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), are recipients of benefits provided by the government and are therefore entitled to notice and a hearing prior to the termination of those benefits. The important feature of *Goldberg* which the plaintiffs overlook is that the plaintiff in that case received benefits under a program established pursuant to statutes and regulations which *entitled* any individual to certain benefits, provided that certain qualifications were met. Here, the defendants have demonstrated that the plaintiffs are not entitled under any statute or regulation to the benefits from the Board which they seek in this action.

The plaintiffs allege that Wisconsin participates in a federal program for providing social services pursuant to Title XX of the Social Security Act. The Board, using both state and federal funds, is authorized under section 51.437, Wis.Stats., to provide services to the developmentally disabled. However, the federal statutes, at 42 U.S.C. § 1397a(10), provide:

"No payment may be made under this section with respect to any expenditure for the provision of any educational service which the state makes generally available to its residents without cost and without regard to their income."

In view of the state law discussed below, this provision precludes use of Title XX funds for the programs at issue in this lawsuit. Moreover, the affidavits submitted by the defendants conclusively demonstrated that the services provided to the plaintiffs by the Board prior to their termination were not related to Title XX. The counteraffidavits of the plaintiffs indicate only that a portion of the total budget of the Board was funded through Title XX but do not indicate that any Title XX funds were spent for the day treatment services

provided to the plaintiffs. Accordingly, I find that the notice and hearing requirements of the regulations applicable to Title XX programs do not entitle the plaintiffs to any relief in this action.

Section 115.76(3), Wis.Stats., provides:

"(3) 'Child with exceptional educational needs' means any child who has a mental, physical, emotional or learning disability which, if the full potential of the child is to be attained, requires educational services to the child to supplement or replace regular education. Children with the following conditions, in addition to children with such other conditions as the state superintendent determines, may require educational services to supplement or replace regular education:

(a) Physical, crippling or orthopedic disability.

(b) Mental retardation or other developmental disabilities.

(c) Hearing impairment.

(d) Visual disability.

(e) Speech or language disability.

(f) Emotional disturbance.

(g) Learning disability.

(h) Pregnancy, including up to 2 months after the birth of the child or other termination of the pregnancy.

(i) Any combination of conditions named by the state superintendent or enumerated in pars. (a) to (h).

Section 115.85(1), Wis.Stats., assigns the responsibility for providing special education programs to the individual school districts:

"(a) 1. Each school district shall ensure that appropriate special education programs are available to children with exceptional educational needs who have attained the age of 3 years and who reside in the school district."

The following definition of "special education" is provided at section 115.76(10), Wis. Stats: ". . . any educational assistance required to provide an appropriate education program for a child with exceptional educational needs *and any supportive or related service.*" (Emphasis added)

Section 115.85(2), Wis.Stats., provides for placement of children in appropriate programs and allows the *school boards* to purchase the service, upon approval of the state superintendent, from a private special education service agency.

In contrast to this statutory scheme placing the responsibility for providing certain services on the school districts, section 51.-437(6), Wis.Stats., provides: "The community developmental disabilities board [the Board] shall not furnish services and programs provided by the department of public instruction and local educational agencies." Accordingly, the defendants contend that not only is there an absence of a statutory right in the plaintiffs to day treatment services from the Board, but there is a statutory prohibition against the Board's providing the services.

The plaintiffs urge that the preliminary injunction issued in *Kamke v. Silverman*, 418 F.Supp. 1003 (decision and order, August 19, 1976), supports the issuance of a similar injunction here. While many factual elements of the two cases are similar, *Kamke* concerns termination of benefits provided by the Milwaukee County department of public welfare pursuant to state and federal laws which are not involved in this action. The fact that recipients of benefits under another program may be entitled to notice and a hearing prior to termination does not control the resolution of the question of whether such an entitlement is provided under the law to recipients of the services involved here.

A substantial portion of the submissions of the plaintiffs and of the *amici curiae* is devoted to a detailed analysis of the needs of certain of the plaintiff children for specific treatment services, based on the opinions of clinical personnel. It is claimed that among the services which the children must have in order to "remediate disabilities and maximize educational potential" are psychiatric services, psychotherapeutic services of music, dance therapy, and creative arts therapy. However, nothing in the statutes pointed to by the plaintiffs provides them with an entitlement to any of those specific

services at the Board's expense, even though the clinical personnel might "prescribe" such services. The *amici* point to a report prepared by the DHSS alternate care task force; this report described the problems and shortcomings in the programs of the state of Wisconsin for the mentally ill and the developmentally disabled.

The report, like much of the plaintiffs' argument, is properly directed to the legislative branch of government, not to this court, since it is the function of that branch to determine whether treatment services are to be provided at government expense, and if so, what the nature of those services is to be. Once the legislature has acted, it is the function of the courts to enforce an individual's rights to the benefits to which he is entitled under law or any due process rights which attend such entitlements.

It may be that the types of programs which the plaintiffs seek are indeed those which are best suited to their needs and that those presently provided through the Board and the public schools are less adequate than an informed and prudent social policy should encompass. However, it is not this court's function to substitute its view of wise social policy for that adopted by the legislature, so long as the legislature confines its policy within the bounds of the Constitution. *Nebbia v. New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 78 L.Ed. 940 (1934).

I find no constitutional infirmities on this record in the legislature's establishment and allocation of responsibilities in the area of services for the mentally ill and the developmentally disabled and that the plaintiffs are not entitled under the law to provision by the Board of the benefits which they seek. It follows that the plaintiffs are not entitled to relief from the defendants resulting from the termination of their services without notice or hearings.

For the above reasons, the defendants' motion to dismiss this action will be granted and the plaintiffs' motion for a preliminary injunction will be denied.

ORDER

Therefore, IT IS ORDERED that the plaintiffs' motion for certification of a class of plaintiffs be and hereby is granted.

IT IS ALSO ORDERED that this action be maintained on behalf of a plaintiff class defined as "all compulsory school age children who received day treatment services at private agencies at the expense of the Board and the parents of those children."

IT IS FURTHER ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss this action be and hereby is granted.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.