145 Wis.2d 431 (1988)
427 N.W.2d 137
IN the MATTER OF J.R.R., Alleged Mentally Ill: J.R.R., Appellant,[]
v.
STATE of Wisconsin, Respondent.
No. 87-2089.
Court of Appeals of Wisconsin.
Submitted on briefs May 2, 1988.
Decided June 1, 1988.
*432 On behalf of the appellant, the cause was submitted on the briefs of William J. Campbell of Law Offices of William J. Campbell of Menomonee Falls.
On behalf of the respondent, the cause was submitted on the brief of Danni L. Caldwell, assistant corporation counsel for Waukesha county.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.
*433 NETTESHEIM, J.
J.R.R. appeals from a recommitment order in a ch. 51, Stats., proceeding. J.R.R.'s principal issue is whether sec. 51.20(13)(c)2, Stats., allows the committing court to specify the treatment method to be utilized by the treatment facility. We conclude that the court does not have this power. Therefore, we affirm the recommitment order.
J.R.R. presents a long history of mental illness and resultant commitments. In the events leading to this case, J.R.R. was initially committed to the Waukesha county sec. 51.42, Stats., community board on February 26, 1986. He was recommitted on August 26, 1986. Both of those orders recited that the least restrictive level of treatment was on an inpatient basis. These orders are not appealed.
Further recommitment proceedings occurred during May 1987, while J.R.R. was held in a locked ward at the Rock County Mental Health Center. At the recommitment proceeding, two doctors testified that J.R.R. suffered from a continuing mental illness and would be a proper subject for commitment if treatment were withdrawn. One doctor testified that J.R.R. required additional inpatient treatment at a facility like the Rock county center. Another doctor testified that the least restrictive facility appropriate for J.R.R. was a group home, with the proviso that return to an inpatient facility be allowed if the group home should prove inappropriate.
The trial court found that the least restrictive placement for J.R.R. was as an inpatient at the Rock county facility. However, the court also expressed a desire to have J.R.R. placed in an open ward while at the Rock county facility. Because J.R.R. was then held in a locked ward at the facility, a representative of the 51.42 board informed the court that J.R.R. could not *434 be immediately placed in an open ward. The facility's policy required retention of J.R.R. in a locked ward for observational purposes for a minimum of forty days. If J.R.R. cooperated with his treatment, he would be moved to an open unit.
The trial court requested that the 51.42 board representative convey to the Rock county facility the court's belief that J.R.R. should be placed in an open unit. The facility was so informed and reported back that it would refuse to accept J.R.R. if placement on an open unit was ordered. With some reluctance the court then issued an order recommitting J.R.R. to a locked unit in the Rock county facility pending a review hearing on May 29, 1987, three days hence.
At the May 29 hearing, the trial court reiterated its belief that the least restrictive level of treatment for J.R.R. was as an inpatient in an unlocked unit. However, because the Rock county facility refused to place J.R.R. in an open unit, the court concluded it had no choice but to order J.R.R.'s continued commitment at the Rock county center on an inpatient basis with the 51.42 board arranging for treatment in the least restrictive manner. J.R.R. appeals.[1]
*435 Prior to amendment on May 3, 1988, see 1987 Wis. Act 394, sec. 51.20 (13)(a)3, Stats., provided:
(13) DISPOSITION. (a) At the conclusion of the proceedings the court shall:
. . . .
3. If the allegation specified in sub. (1)(a) are proven, order commitment to the care and custody of the appropriate county department under s. 51.42 or 51.437 ....
Section 51.20(13)(c)2 provides, in part:
(13) DISPOSITION....
. . . .
(c) If disposition is made under par. (a)3:
. . . .
2. The county department under s. 51.42 or 51.437 shall arrange for treatment in the least restrictive manner consistent with the requirements of the subject individual in accordance with a court order designating the maximum level of inpatient facility.... [Emphasis added.]
[1-3]
Construction of a statute is a question of law, reviewed without deference to the trial court's conclusion. Kildea v. Kildea, 143 Wis. 2d 108, 113, 420 N.W.2d 391, 393 (Ct. App. 1988). Where language is clear and unambiguous the statute must be given its plain meaning. Id. at 114, 420 N.W.2d at 393. We also note that we are required to read statutes, especially *436 subsections of a statute, in pari materia. Schinner v. Schinner, 143 Wis. 2d 81, 91, 420 N.W.2d 381, 385 (Ct. App. 1988).
[4]
We conclude the language of sec. 51.20(13)(a)3 and (c)2, Stats., is clear and unambiguous. The trial court's authority is to commit the individual to the care and custody of the sec. 51.42 community board. Sec. 51.20(13)(a)3. The court's obligation is to designate "the maximum level of inpatient facility, if any, which may be used for treatment." Sec. 51.20(13)(c)2. The community board's obligation is to deliver treatment in the least restrictive manner consistent with the individual's needs. Id.
J.R.R. argues that sec. 51.20(13)(f), Stats., supports his claim that the trial court has the authority to order placement in an open unit within a designated facility. This statute, prior to amendment on May 3, 1988, see 1987 Wis. Act 394, read in part:
The county department under s. 51.42 or 51.437 which receives an individual who is committed by a court under this section is authorized to place such individual in an approved treatment facility subject to any limitations which are specified by the court under par. (c) 2. The county department shall place the subject individual in the treatment program and treatment facility which is least restrictive of the individual's personal liberty, consistent with the treatment requirements of the individual. The county department shall have ongoing responsibility to review the individual's needs, in accordance with sub. (17), and transfer the person to the least restrictive program consistent with the individual's needs.
*437 We reject J.R.R.'s argument that the language of the above statute confers the committing court with powers and authority beyond those set forth in sec. 51.20(13)(a)3 and (c)2, Stats. Subsection (f) of this statute implements the earlier subsections by authorizing the 51.42 community board to receive the individual and to provide treatment in accordance with the court's designation of the maximum level of inpatient facility.
[5]
Due process requires that a commitment determination consider those alternatives which would have a less drastic effect on the curtailment of the individual's freedom and civil liberties. See Lessard v. Schmidt, 349 F. Supp. 1078, 1097 (E.D. Wis 1972).[2] This requirement is satisfied by sec. 51.20(13)(c)2, Stats., requiring the court to designate the maximum level of inpatient facility in which treatment can occur. Treatment decisions beyond this due process consideration are properly reserved for the medical authorities. Recognizing this, the statutes require and permit the 51.42 community board, through its treatment facilities and personnel, to make these medical judgments. As such, all of these subsections of sec. 51.20(13) operate with synergism, harmony and logic.
[6]
The obligation of the 51.42 community board is to deliver treatment to J.R.R. in the least restrictive manner measured from his treatment needs and his liberty interests. This obligation is elevated to a patient right in sec. 51.61(1)(e), Stats. Our conclusion that the committing court is not authorized to impose *438 treatment conditions as part of the committing order does no violence to this important right and does not leave J.R.R. without relief. Section 51.61(5) requires the department to establish grievance procedures to assure that the rights of patients under ch. 51, Stats., are protected and enforced.[3]
By the Court.Orders affirmed.
NOTES
[] Petition to review denied.
[1] The court also ordered a review of J.R.R.'s recommitment within three months. This hearing was held on August 25, 1987. At this time, the trial court was informed that the 51.42 board was prepared to conditionally place J.R.R. in a group home. This conditional transfer was accomplished pursuant to sec. 51.35(1), Stats.

While neither party raises the issue of mootness, it is possible that the issue presented is moot because J.R.R. is apparently now in a group home. Exceptions to the general rule of mootness include: issues of great public importance; frequency of the situation under consideration such that a definitive decision is essential to guide the trial court; resolution of an issue likely to recur such that uncertainty can be avoided; and a situation capable and likely of repetition but evading review because the appellate process usually cannot be timely completed. State ex rel. Jones v. Gerhardstein, 141 Wis. 2d 710, 723-24, 416 N.W.2d 883, 888 (1987). We conclude this case qualifies for appellate review in light of these factors.
[2] Vacated on procedural grounds, 414 U.S. 473 (1974), on remand, 379 F. Supp. 1376 (E.D. Wis. 1974), vacated, 421 U.S. 957 (1975), on remand, 413 F. Supp. 1318 (E.D. Wis. 1976).
[3] Section 51.61(5), (7)(a), (b) and (c), Stats., provides additional remedies.